REQUESTED BY: Senator Vard Johnson Nebraska State Legislature 2108 State Capitol Lincoln, Nebraska 68509
Dear Senator Johnson:
You have asked for our opinion on the constitutionality of Neb.Rev.Stat. §§ 77-913 and 77-914 (Reissue 1981). As you point out in your letter, there is currently no legislative action pending in these matters. Your request also calls for an opinion relating to the constitutionality of existing legislation.
Ordinarily in such circumstances we would decline to respond to your request for an opinion. We believe, however, you advanced a valid reason as to why we should respond to your request. That is, that these particular sections are matters pertinent to the Revenue Committee's consideration of LB 586, and secondly, it is possible to introduce corrective legislation this session prior to the distribution set for this fiscal year, June 1. For these reasons we believe an answer in this case is appropriate.
Neb.Rev.Stat. § 77-913 (Reissue 1981) establishes the insurance tax fund and allocates 50 percent of the total collected to the counties based upon their proportionate share of the total population of the state.
Neb.Rev.Stat. § 77-914 (Reissue 1981) directs the counties to allocate the funds they receive pursuant to § 77-913
to school districts and cities and villages. In the first instance, the distribution to school districts is to be made on a per pupil basis in the relationship each school district bears an average daily attendance to the entire county. The portion allocable to cities and villages is based on the population of each such city and village as its proportionate share of the entire county's population.
As we said in our Opinion No. 41, Report of the Attorney General 1983-1984, March 3, 1983, the Legislature may grant aid to governmental subdivisions where the formula granting such aid treats similar subdivisions in a similar manner. In Opinion No. 41 we expressed reservations as the constitutionality of a distributional formula which would result in cities having similar populations located in counties have differing populations receiving vastly different amounts from a state distributional formula. We believe that the same questions arise in the context of the distributional formulas as they relate to cities and villages and school districts under § 77-913.
The distributional amounts given to the counties are obviously appropriate in that they are based on proportionate population calculations. However, cities or school districts of similar sizes located in different counties, having different populations, would receive different amounts under this formula. The constitutionality of that sort of differentiation is doubtful in light of Opinion 41 and the cases cited therein.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General